## JESSUP & MOORE PAPER CO. *v.* COOPER, Collector.[1]

*(District Court, E. D. Pennsylvania.   April 7, 1891.)*

1. CUSTOMS DUTIES—GUNNY BAGS.
    Plaintiffs entered second-hand gunny bags as paper stock.   The appraiser returned some of the bags as gunny bagging, suitable for the uses to which cotton bagging may be applied.   *Held,* if the bagging was commercially valuable only to be, and could only profitably be, converted into paper, and was of no other commercial value, it was admissible as paper stock, and that the purpose for which it was imported or used after importation was irrelevant.

2. SAME.
    The burden of proof to show that the bagging was only fit for paper stock was on the plaintiff.

At Law.

This was a suit to recover the sum of $357.57 alleged to have been unlawfully exacted as customs duties in an importation of gunny bagging and so-called "paper stock."   It was entered as paper stock, but returned under Tariff Ind. (New) par. 343, as gunny bagging suitable to the uses for which cotton bagging may be applied and valued at less than 7 cents per pound.   The claim of the importer was under paragraph 754, Id., free list, providing for paper stock, crude, of every description, including gunny bags, gunny cloth, old and refuse, to be used in making and fit only to be converted into paper, and unfit for any other manufacture. The testimony of the plaintiff's witnesses tended to show that the article was fit only for paper stock, and also that it had been in fact so used.

*Edward L. Perkins,* for plaintiff.

*Wm. Wilkins Carr,* Asst. U. S. Atty., and *John R. Read,* U. S. Atty., for defendant.

BUTLER, J., (*charging jury.*)   The plaintiff in this case, the Jessup & Moore Paper Company, imported into this country, and landed at the port of Philadelphia on October 18, 1889, a cargo of old or second-hand gunny bagging, and entered the same at the custom-house, as free of

---

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

duty, under a provision of the statute relating to the subject, which reads as follows: (Court read from statute.)   Thirty-seven bales of the bagging were, however, treated by the appraiser as not falling within the terms of the statute, just read, but as suitable for use again as cotton bagging, and subjected to duty accordingly, under another provision of the statute.   From this action of the appraiser the plaintiffs appealed, on the ground that the bagging so subjected to duty "is fit only to be converted into paper, and not fit for any other manufacture." In the language of the plaintiffs: "We protest."   (Court read from protest.)   Thus is presented the only question which we have to try—to-wit:   Was the bagging fit only to be so converted, and "not fit for some other manufacture."   The plaintiff asks the court to charge you as follows:

"(1) If the jury believe that the gunny bagging forming the subject-matter of the claim in this suit was imported as and for paper stock, was sold for that purpose, and was in fact used as such and converted into paper, their verdict must be for the plaintiff."

We cannot so charge.   The point does not present the question involved.

"(2) If the gunny bagging, the subject of dispute in this action, was fit only to be converted into paper, and was unfit for any other manufacture, your verdict must be for the plaintiff."

This we affirm.   It properly states the question which you are to decide.

"(3) If the said gunny bagging was commercially fit only to be converted into paper, and was commercially unfit for any other manufacture, your verdict must be for the plaintiff."

This is a statement of the same thing in somewhat different language, and is also true.

"(4) If, upon all the facts in this case, there exists a doubt in your minds, that doubt must be resolved in favor of the plaintiff and your verdict must be for it, as duties are never to be imposed on the citizen upon vague or doubtful interpretation."

We cannot affirm this.   The burden is on the plaintiff to satisfy you by evidence that the bagging was commercially fit only to be converted into paper, and was commercially unfit for any other manufacture; otherwise your verdict must be against him.   The plaintiff's fifth point which is disaffirmed I need not read.   The defendant has also presented points, the first and third of which are disaffirmed, and need not be read.   His second point, which reads as follows: "If you believe the article in question is not fit to be converted into paper only, but is also fit for some other manufacture, then your verdict should be for the defendant," is affirmed.   This is an accurate presentation of the question which you are to decide, as we have before stated.   By fitness for some other manufacture, however, is meant commercial fitness.   If the bagging could not profitably be applied to some other manufacture, then it was not commercially fit for such purpose.   Considering this question in the light of all the evidence you must say whether it is proved that

the bagging in question was fit only to be converted into paper, and not fit commercially for any other manufacture. It would be unprofitable to recount what the witnesses on the one side and the other have said on the subject. Their testimony is brief, and has been fully commented on by counsel, and you cannot fail to understand and appreciate it. If your minds are satisfied that the bagging was fit only to be converted into paper, and not fit commercially for any other manufacture, your verdict should be for the plaintiffs in the amount of their claim; otherwise it should be for the defendant.

Verdict for plaintiff.