In re TOWNSEND et al.

(Circuit Court of Appeals, Second Circuit. June 12, 1893.)

CUSTOMS DUTIES—CLASSIFICATION—TAPIOCA FLOUR.

Tapioca flour, which is commercially known as "tapioca," and is used mainly by calico printers and carpet manufacturers for thickening colors, and which, though chemically a starch, is not adapted to commercial use as starch, belongs in the free list, as "tapioca," under paragraph 730 of the act of October 1, 1890, and is not dutiable at two cents a pound, as a "preparation * * * fit for use as starch," under paragraph 323.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by James R. Townsend & Co. for a review of the board of general appraisers' decision affirming the action of the collector in the classification of certain imports. The court below affirmed the decision of the board, and the importers appeal. Reversed.

Albert Comstock, for appellants.

Henry C. Platt, Asst. U. S. Atty., for the United States.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The appellants, in April, 1891, imported into the port of New York 373 bags of tapioca flour. The collector assessed a duty of two cents per pound thereon, under paragraph 323 of the tariff act of October 1, 1890, which imposed that duty upon "starch, including all preparations, from whatever substance produced, fit for use as starch." The importers protested against this assessment, upon the ground that the article was free of duty under the provision of paragraph 730 of the same act, which included in the free list "tapioca, cassava, or cassady." The board of general appraisers affirmed the decision of the collector, and the circuit court, while rejecting some of the reasons that led them to their conclusion, hesitatingly affirmed their decision. The importers appealed from the judgment of the circuit court.

The article which is commercially known in this country as tapioca is obtained from the tuberous roots of the cassava or manioc plant, which is a native of Brazil. It is imported into this country in three forms, pearl tapioca, flake tapioca, and tapioca flour. The first two forms are exclusively used for food. Tapioca flour is also commercially known as tapioca, and is used to a slight extent for the thickening of soups, but mostly by calico printers and carpet manufacturers to thicken colors, and in the manufacture of a substitute for gum arabic or other gum. There was testimony that it is also used for the sizing of cotton goods,—a purpose for which starch is also used to a certain extent. The weight of the testimony is that it is not used for laundry purposes. It is chemically a starch, because 85 per cent. of it consists of starch. It is not manufactured in this country into the article known as starch, and it is not known as a substitute therefor. In the Revised Statutes, and in the tariff act of 1883, starch made of any material was dutiable, and tapioca, cassava, or cassady, as well as root flour, were upon the free list. The statute of 1890 enlarged the provision in regard to starch, by including in the same paragraph "all preparations, from whatever substance produced, fit for use as starch." The circuit judge, disagreeing with the board of appraisers in their opinions that tapioca flour was not suitable for food, and was not known by the designation of "tapioca," and was not in fact tapioca, was of the opinion that it was the intention of the framers of the act of 1890 to make the provision with regard to starch more comprehensive than it was before, and, if this article was in such a

state of preparation as to be fit for use as starch, it should pay the duty required by paragraph 323. He adds:

"While the testimony is not altogether clear upon that precise point, I am unwilling, upon the record as it stands, to disturb the finding of the board that the article imported here is fit for use as starch; and, that being so, the conclusion follows that it is dutiable under paragraph 323."

The decision of the appeal turns upon the question whether, under the testimony, tapioca flour can be considered as a preparation fit for use as starch. The article has never been sold as a starch, and is not considered in this country as adapted to the ordinary purposes of that article, and has-never been manufactured into commercial starch, but it is chemically a starch.

The term, "preparations fit for use as starch," means preparations which are actually and not theoretically fit for such use, which can be practically used as such, and not which can be made by manufacture fit for such use. Tapioca flour is used for purposes which are analogous to those for which starch is used. It is not used, though it probably could, by adequate preparation, be used, for the same purposes, unless its use as a sizing can be called the same purpose. The testimony of the witness upon that subject was not sufficient to justify the stress which the board of general appraisers placed upon it. The very suggestive evidence of the unsuitableness of tapioca for commercial use as starch is that, although it is much cheaper than starch made in this country, it does not come into commercial competition with starch made here.

The appellants make the point that the language of the free list exempts from duty the articles specified therein, "unless otherwise specially provided for in this act," and that tapioca is not specially provided for except in the free list. If tapioca flour was, in our opinion, a preparation fit for use as starch, the question would have arisen whether it was specially provided for under paragraph 323; but, the conclusion being that it was not such a preparation, it has a place only in the free list.

The judgment of the circuit court is reversed.