## WHITE et al. v. UNITED STATES.

### (Circuit Court, S. D. New York. June 3, 1895.)

### No. 875.

1. CUSTOMS DUTIES—CLASSIFICATION—JUTE BAGGING.
   Jute bagging, which is commercially fit for bagging cotton, is dutiable under paragraph 366 of the act of 1890, and not under paragraph 374, as a manufacture of jute not specially provided for.

2. SAME—"SUITABLE" DEFINED.
   The test of the suitableness of an article for a certain purpose is not whether it is commonly used therefor, but whether it possesses actual, practical commercial fitness for that purpose.

This was an application by James F. White & Co., importers of certain merchandise, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise.

Stanley, Clarke & Smith, for importers.

Henry C. Platt, Asst. U. S. Atty., for the United States.

TOWNSEND, District Judge (orally). The article in question is jute bagging. The importer claimed it was a "material similar to cotton bagging, and suitable for covering cotton composed of jute," and therefore dutiable under paragraph 366 of the tariff act of 1890. The collector classified the article under paragraph 374 of said act, as a manufacture of jute not otherwise specially provided for. The board of general appraisers, after hearing evidence, found that said articles were not suitable for covering cotton, nor commonly used for that purpose. The bagging is composed of jute, and appears to be a material similar to cotton bagging. The single question is whether it is suitable for covering cotton. The witnesses generally agreed that the article in question had been sold and used for bagging for cotton, and that it was suitable for such purpose. The counsel for the government claims, however, that the finding of the board of general appraisers upon these points should not be disturbed. But it appears from said findings that said board, after defining the word "suitable," held as follows:

"When an article is commonly used for a given purpose, it may be said to be 'suitable' for such purposes; when not so used, it cannot ordinarily be said to be so 'suitable.' "

I think this statement is not altogether accurate, in view of the definition of said term, and the decisions. "Suitable," according to the definitions in Webster and the Century Dictionary, means "fitting," "capable of suiting," or "appropriate." In Re Townsend,[1] 56 Fed. 222, the court of appeals holds that "preparations fit for use" means "preparations actually and not theoretically fit for use, and

1 5 C. C. A. 488.

which can be practically used for such purpose." In Paper Co. v. Cooper, 46 Fed. 186, Judge Butler says that by fitness is meant "commercial fitness." The evidence of the actual, practical commercial fitness of this article for bagging cotton is uncontradicted. The decision of the board of general appraisers is reversed.