LITTLEJOHN et al. v. UNITED STATES.

UNITED STATES v. LITTLEJOHN et al.

(Circuit Court, S. D. New York. November 11, 1902.)

Nos. 3,201, 3,196.

1. CUSTOMS DUTIES—SAGO FLOUR.

Sago flour is entitled to free entry under paragraph 652 of the tariff act of 1897 [U. S. Comp. St. 1901, p. 1687] as "sago, crude," and not dutiable under paragraph 285 [U. S. Comp. St. 1901, p. 1653] as "starch," or under paragraph 20 [U. S. Comp. St. 1901, p. 1628] as a drug, or under section 6 [U. S. Comp. St. 1901, p. 1693], covering raw or unmanufactured articles not otherwise provided for.

Albert Comstock, for the importers.

Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge. Upon sundry importations of sago flour, duty was assessed under the provisions of paragraph 285 of the tariff act of 1897 [U. S. Comp. St. 1901, p. 1653], for "starch, in-

cluding all preparations from whatever substance produced, fit for use as starch." The importers protested, claiming that the article was either free under various paragraphs of the act, the only one necessary now to be considered being the claim that it was free of duty as "sago, crude," under paragraph 652 of said Act [U. S. Comp. St. 1901, p. 1687], or was dutiable only at one-fourth cent per pound and 10 per cent. ad valorem under paragraph 20 [U. S. Comp. St. 1901, p. 1628], or at 10 per cent. or 20 per cent. under section 6 of said act [U. S. Comp. St. 1901, p. 1693]. Said section 6 imposes on all articles not enumerated or provided for, when raw or unmanufactured, a duty of 10 per cent., and when manufactured, in whole or in part, a duty of 20 per cent. The general appraisers sustained the claim of the importers under this last alternative, and the importers appealed, claiming free entry or lower duties. The United States also appealed from this decision.

The contention of counsel for the United States in support of its appeal that sago flour is starch, or a preparation fit for use as starch, cannot be sustained in view of the decision in the case of In re Townsend, 5 C. C. A. 488, 56 Fed. 222, and the decision of the supreme court in Chew Hing Lung & Co. v. Wise, 176 U. S. 156, 20 Sup. Ct. 320, 44 L. Ed. 412. Those cases concerned tapioca flour. It was held that tapioca flour was not fit for use as starch. From the evidence herein, it appears that the uses of sago and tapioca flour are identical. The appeal of the government is not sustained.

The importers contend that this sago flour is "sago, crude." It appears from the reports of the United States consuls, and from agricultural bulletins published by the British government, that there is a crude form of the sago pulp or pith known as "raw sago," and that it is a more crude product than sago flour. It also appears that commerce in this crude article is confined to the natives in the country where the sago grows, and it is fully proven that this raw sago has not come into this country, and would not bear transportation hereto. Sago flour is the first and only form in which the product of the sago palm is known in this country. But counsel for the government contends that it is not crude because the pulp of the sago tree has been subjected to certain processes in the foreign country before its importation here, and that in its state of importation into this country it is a completed article and ready for use. It appears, however, from undisputed testimony that the only manipulations which it undergoes in the foreign country are those which are necessary to fit it for importation, and consist in successive cleansing operations in order to get rid of the impurities which would otherwise cause fermentation.

The second claim of the government is that it is a completed article when imported, and is fit for present use. This fact might be decisive in some cases, but it is not a universal or safe test. In this case the processes of cleansing are essential to fit it for trade and commerce in this country; they neither refine nor manufacture it, but only serve to remove the impurities. Such processes are not sufficient to change its character from a crude product to a manufacture.

It is further contended that, since congress put crude sago and sago flour on the free list in former tariff acts, it must thereby have intended to designate two separate articles, and that the omission of sago flour from the free list in this act shows the intention of congress to make it subject to duty. But, inasmuch as the crude sago of Singapore is not, and cannot be, imported into this country, the words "sago, crude," in the present act, if this sago flour were excluded, would have no meaning, because they would not refer to any commercial product of sago, and no sago would be free. If, however, this term be confined to this sago flour as the first product capable of transportation, then the other manufactured products of sago or sago flour, such as "pearl sago" or "bullet," might be subject to duty under the appropriate paragraphs of said act.

It is therefore held that sago flour is entitled to free entry under paragraph 652 of the present tariff act [U. S. Comp. St. 1901, p. 1687], and the decision of the board of general appraisers is reversed.