UNITED STATES *v.* CHATTANOOGA BREWING Co. (No. 905).[1]

INSUFFICIENCY OF PROTEST.

The merchandise is of a secret composition and is used as a base for the manufacture of nonalcoholic drinks. The evidence showed that the article was not an unenumerated manufacture, but fell for dutiable purposes within one or the other of paragraphs 2 or 3, tariff act of 1909, as an alcoholic compound or as a chemical compound. The protest claimed under neither of these paragraphs, and so could not be allowed.—United States *v.* Danker & Marston (2 Ct. Cust. Appls., 462; T. D. 32208).

United States Court of Customs Appeals, November 14, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7335 (T. D. 32313).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*William A. Robertson,* special attorney, of counsel; *Frank L. Lawrence,* special attorney, on the brief), for the United States.

*B. A. Levett* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This merchandise is known as "Sinalco Seele," which, being translated from the German, means "soul of nonalcoholic drink." The process by which it is made, and whether a synthetic or natural article, are not divulged, but are kept secret. The article is used as a base

---

[1] Reported in T. D. 32965 (23 Treas. Dec., 422).

for the manufacture of nonalcoholic drinks. It was classified for dutiable purposes as "fruit ethers, oils, or essences," under paragraph 21 of the tariff act of 1909. The importers, who are appellees here, made several claims, waiving none, but relying principally at the hearing before the Board of General Appraisers upon the one that the importation should be classified as a "nonenumerated manufactured article" under paragraph 480 of said act. The board sustained the claim under the latter paragraph. The Government moved for a rehearing on the grounds of error at law, claiming the article dutiable as an alcoholic compound under paragraph 2 of the act and, upon denial of such, appealed to this court, assigning as error among other grounds thereof that—

1. Error was committed in not holding said merchandise dutiable as an alcoholic compound under paragraph 2 of said act, which reads:

2. Alcoholic compounds, including all articles consisting of vegetable, animal or mineral objects immersed or placed in, or saturated with, alcohol, not specially provided for in this section, sixty cents per pound and twenty-five per centum ad valorem.

2. Error was committed in not holding the article dutiable "as a chemical compound, mixture, or salt containing alcohol" under paragraph 3 of said act.

The protest made no claim under either of the above provisions and the appeal is from the judgment.

On the facts, the board found as follows:

We are satisfied from the record that the merchandise is neither fruit ether nor fruit essence.

It is uncontradicted in the record that the merchandise is, as imported, composed of 17.6 per cent of alcohol and 1.7 per cent of extract, the balance water; that the extract has a fruit aroma. Upon these uncontradicted facts and the said finding there was sufficient in the record to conclude that the imported article fell for dutiable purposes within one or the other of paragraphs 2 or 3 aforesaid as an alcoholic compound or as a chemical compound, or, if not such, as a chemical mixture. The conclusion and holding of the board that it was dutiable as a "nonenumerated manufactured" article was erroneous.

Inasmuch as the protest claimed under neither paragraph 2 nor 3, aforesaid, the record contains sufficient facts to support a judgment against the importer for either lack of proof or insufficiency of protest, and the judgment should have been entered accordingly as a matter of law in the case.

This court in United States v. Danker & Marston (2 Ct. Cust. Appls., 462; T. D. 32208) said in speaking of the burden upon the importer:

To show not only that the classification to which he objected was erroneous, but that the classification which he claimed in his protest was correct.

In this case he showed that the claim in the protest was incorrect and that the correct claim was not made in the protest.

*Reversed.*