BARHAM ET AL. v. UNITED STATES (No. 2234).[1]

1. FIBER.

The resultant of splitting the culms or stems of the three-cornered rush without shredding or splitting or separating them into the individual fibers like flax, hemp, or other fibers of commerce is not a fiber within the meaning of that expression in paragraph 284, tariff act of 1913, and a manufacture of such material is not a manufacture of vegetable fiber under the paragraph.

[1] T. D. 39679.

2. Sea Grass—Three-Cornered Rush.

Merchandise made of the three-cornered rush or sedge can not be classified as claimed by the protest under paragraph 372, tariff act of 1913, as sea grass manufactured, without proof that the rush is sea grass.

3. Rehearing by Board.

The denial by the Board of United States General Appraisers of a petition for rehearing will not be reviewed unless an abuse of discretion affirmatively appears.— Bache & Co. *v.* United States (6 Ct. Cust. Appls. 507; T. D. 36128).

4. Grass in its Natural State.

Grass which has been split is grass in its natural state under paragraph 368, tariff act of 1913, if the splitting has not resulted in a decortication of the fibers.— Isler & Guye *v.* United States (10 Ct. Cust. Appls. 74; T. D. 38339).

5. Manufacture and Material Distinguished—Grass Cords and Braids.

Cords and braids made of the split stems of the three-cornered rush or sedge, imported to be used in the manufacture of so-called sea-grass furniture, are a manufacture of grass under paragraph 368, tariff act of 1913, the merchandise being too far advanced to be. regarded as mere material, rather than a manufacture of vegetable fiber under paragraph 284, or manufactured sea grass under paragraph 372, or an unenumerated manufactured article under paragraph 385.

## United States Court of Customs Appeals, May 31, 1923.

Appeal from Board of United States General Appraisers, Abstract 45281.

[Reversed.]

*Frank L. Lawrence* and *Stanley Pedder* (*Martin T. Baldwin* of counsel) for appellants. *William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *William H. Futrell* of counsel) for the United States.

[Oral argument May 10, 1923, by Mr. Charles D. Lawrence.]

Before Martin, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges.

Barber, Judge, delivered the opinion of the court:

This case is a consolidation of the protests made by some six different importers in the matter of entries made—five at the port of San Francisco and one at Los Angeles. The testimony is brief, but undoubtedly sufficient to present clearly the issues.

The merchandise is made wholly of undyed sea grass (so called) or sedge. In view of the record and for the purposes of this case, the terms sea grass and sedge are treated as synonymous. There are several exhibits showing the condition of the merchandise as imported. One form thereof is in the shape of a cord between two and three sixteenths of an inch in diameter. This is referred to in the evidence as a two-ply cord and is composed of two smaller cords or strands tightly twisted together. These smaller cords are in turn composed of four thin strands between one and two sixteenths of an inch in width, which in turn have been twisted together. The other article is a braid between two and three sixteenths of an inch in thickness and some six or seven sixteenths of an inch in width. The samples of braid vary somewhat in this respect. The most of the braids are

made by braiding together three strands, although one sample shows four. These strands are in turn composed of three or four smaller strands of the grass or sedge which are substantially of the size of the smallest strands of which the first article is composed, although in one sample they seem to be somewhat wider.

The braids are chiefly employed in the manufacture of what is termed sea-grass furniture. The cords are used for that purpose also in the country of export and perhaps somewhat in the United States. Their chief use, however, before the passage of the Volstead Act, was for wrapping chianti bottles.

The Government introduced no witnesses in its behalf.

It appears from the testimony of one importer that the first article is always bought and sold, as far as he knows, under the name of twisted sea grass and the other as braided sea grass and the furniture that is made from both is known as sea-grass furniture. A customs inspector at San Francisco who had been in that office for eight years testified that during his incumbency in office the merchandise had borne the same names as the importer testified and that until April, 1919, when the decision in T. D. 38010 was rendered, both articles had been classified as a manufacture of grass under paragraph 368 of the tariff act of 1913. Both the cords and the braids are made in continuous lengths and imported in bales. The merchandise in all the cases before us was classified and assessed by the collector under paragraph 284 of the tariff act of 1913 as a manufacture of vegetable fiber. The importers claim the proper classification should be under paragraph 372 as sea grass manufactured, or under paragraph 385 as an unenumerated manufactured article, or under paragraph 368 as a manufacture of grass.

An examination of T. D. 38010 (G. A. 8254) shows that the Board of General Appraisers proceeded upon the theory that merchandise very like that here under consideration should be regarded as a manufacture of vegetable fiber, although the United States botanist had reported that it was composed of three-cornered culms or stems split lengthwise and dried, not shredded or split or separated into the individual fibers like flax, hemp, or other fibers of commerce. The board upon visual inspection of the merchandise came to the conclusion that the smallest strands, which it found to be about one-eighth or one-fourth of an inch in width, having a smooth flat surface on one side, were fibers within the meaning of paragraph 284, and evidently held the same opinion in the case at bar.

We find ourselves unable to adopt the view of the board that the smallest strand of which the merchandise in this case is composed is a vegetable fiber within the common meaning of the word "fiber" in which sense that word is employed in paragraph 284, because we think "fiber" as relates to grass signifies something much smaller

than the flat strands which are the basic material of the merchandise here.

In the Century Dictionary a fiber is said to be " a thread or filament; any fine thread-like part of a substance, as a single natural filament of wool, cotton, silk, or asbestos, one of the slender terminal roots of a plant, a drawn-out thread of glass," etc.

It can hardly be said, we think, that a thin flat strand of the width of these here is such a fiber. The context of paragraph 284 supports this conclusion. See Isler & Guye *v.* United States (10 Ct. Cust. Appls. 74; T. D. 38339).

We do not think the merchandise is classifiable under paragraph 372 as sea grass manufactured, and are of opinion that it finds proper classification under paragraph 368 as a manufacture of grass. The strands of sea grass employed here fall within the designation of grass in its natural state. (Isler & Guye *v.* United States, supra, and cases cited.)

The question of whether or not an article is manufactured of a given material or whether it is a manufacture of the same material is one that has given the courts much trouble, and it is unnecessary to enter into any exhaustive discussion of the authorities.

The case of Tide Water Oil Co. *v.* United States (171 U. S. 210), to which we often have had occasion to refer, we think is determinative of the issue here. The question of the classification of box shooks was there under consideration in which was involved the issue of whether or not they were wholly manufactured and applying the principle to be deduced from that opinion, we think it may safely be said that, while the sea grass in this case has been manufactured, the manufacturing processes applied thereto have elevated it to the condition of a manufacture of sea grass or grass. Nothing more remains to be done, as far as the record shows, to these cords and braids to constitute them a finished material ready for the manufacture of furniture.

In the opinion of this court in Ishimitsu *v.* United States (11 Ct. Cust. Appls. 186; T. D. 38963) numerous cases involving the question of what is a manufacture are cited and the same are here referred to.

It should be noted that the importers' argument for classification under paragraph 372 is largely, if not entirely, based upon the assumption that the basic material here is true sea grass or that it is commercially known as sea grass. As to what in fact it is, is not definitely disclosed by the record. In the reports of the collector and appraiser embodied in the record it is referred to as sea grass, sedge, grass or rush, the collector generally referring to it as sea grass, sometimes as grass, and the appraiser as sea grass, sedge or rush, sometimes as grass.

The evidence on the part of the importer was that the cord was sometimes bought under the name of twisted grass and the braid under the name of sea grass or braided sea grass and that furniture composed of either was called sea-grass furniture.

The importer testified that he bought the articles only in the Chinese market; that he did not know whether they were made out of sea grass or not, and his knowledge of trade designation was confined to local markets. The other witness for importer, the customs examiner, went no farther on this subject than to say that during the eight years he had held that office the invoice term commonly applied thereto was twisted or braided sea grass, but whether it was sea grass in fact or not he said he did not know.

We do not think this evidence establishes either a commercial designation or that the merchandise in fact is made of true sea grass, and for the purposes of this case, therefore, we regard it as within the meaning of the word "grass" as used in paragraph 368.

The importers filed a petition for rehearing before the board, which was denied, because of which error is assigned and argued here. We are satisfied there was no abuse of discretion in denying this motion and it will not be reviewed here unless such abuse affirmatively appears.—Bache & Co. v. United States (6 Ct. Cust. Appls. 507; T. D. 36128).

The merchandise in this case should be classified under paragraph 368 as a manufacture of grass and assessed for duty at the rate therein provided for.

. The judgment of the Board of General Appraisers is reversed.