O'Connor-Harrison & Co. et al. *v.* United States (No. 2858)[1]

---

[1] T. D. 42239.

United States Court of Customs Appeals, June 6, 1927

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter* and *William H. Futrell,* special attorneys, of counsel), for the United States.
*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.

[Oral argument April 21, 1927, by Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

In this case the United States Customs Court held that braids made of undyed sea grass were dutiable as manufactures of grass and that cords made in part of dyed sea grass were dutiable as nonenumerated manufactures. This court reversed the judgment of the United States Customs Court as to the braids and affirmed its judgment as to the cords.[1] Attention having been called to the fact that no appeal had been taken by the Government from the judgment holding the braids to be manufactures of grass, this court *sua sponte* granted a rehearing. The Government submits without argument the point which caused the court to grant a rehearing.

Braids made of sea grass in its natural state and cords made in part of dyed sea grass were classified by the collector as manufactures of vegetable fiber and assessed for duty at 35 per centum ad valorem

---

[1] Decision not published.

under that part of paragraph 284 of the tariff act of 1913 which reads as follows:

284. All woven articles * * * and all manufactures of * * * vegetable fiber * * * not specially provided for * * * 35 per centum ad valorem.

As against the classification of the braided sea grass the importers protested that the braids were dutiable either at 25 per centum ad valorem under paragraph 368 as manufactures of sea grass in its natural state or at 10 per centum ad valorem under paragraph 372 as sea grass manufactured. The parts of paragraphs 368 and 372 upon which the importers relied are as follows:

368. Manufactures of * * * grass * * * 25 per centum ad valorem * * *. The terms "grass" and "straw" shall be understood to mean these substances in their natural state, and not the separated fibers thereof.

372. Moss and sea grass, eelgrass, and seaweeds, if manufactured or dyed, 10 per centum ad valorem.

The classification of the corded sea grass was protested upon the ground that the merchandise was dutiable under said paragraph 368, or said paragraph 372, or, as a nonenumerated manufactured article, under that part of paragraph 385 which reads as follows:

385. That there shall be levied, collected, and paid * * * on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

It is established by the testimony and samples in evidence that the merchandise covered by both protests is made of sea grass. The articles referred to in protest 935373 are made of sea grass which has not been dyed or artificially colored and those specified in protest 952772 are made in part of dyed sea grass and in part of undyed sea grass.

The report of the botanist in charge of fiber investigations establishes without contradiction that the material of which the braids and cords are made is not a true grass and is a sedge or rush. Grass and sea grass are distinctly different tariff entities. The importation is, therefore, not subject to the provisions of paragraph 368 and can not be classified as a manufacture of grass.

The goods are not made of fibers of the rushes or sedges but of split, unshredded lengths thereof and from that it follows that the cords and the braids can not be regarded as manufactures of vegetable fiber as found by the collector.

If sea grass was simply washed or scoured, or pressed into bales, or processed merely for purposes of transportation, or deprived of its impurities by a manufacturing agency, it would still be sea grass. *Frazee* v. *Moffitt*, 20 Blatch. 267; *United States* v. *Wilson*, 1 Hunt's Merchants' Magazine 167; *McKesson* v. *United States*, 113 Fed. 997; *Littlejohn* v. *United States*, 119 Fed. 484; *United States* v.

*Salomon Bros.*, 1 Ct. Cust. Appls. 246; *United States* v. *Michelin Tire Co.*, 1 Ct. Cust. Appls. 518; *Hartranft* v. *Wiegmann*, 121 U. S. 609.

The merchandise is not sea grass dyed or sea grass manufactured or processed. Assuming that rushes and sedges are sea grass, the importation is something more than sea grass and is, in fact, a manufacture of sea grass inasmuch as such sea grass has been advanced to the status of a new article with a new name and a new use. By manufacturing processes the original rushes or sedges have been converted into cords or braids and consequently are no longer sea grass but manufactures of sea grass. *Barham et al.* v. *United States*, 11 Ct. Cust. Appls. 536, 539; *Tidewater Oil Co.* v. *United States*, 171 U. S. 210, 216, 217.

Manufactures of sea grass, sedges, or rushes are not provided for in the tariff act, and are therefore dutiable at 15 per centum ad valorem under paragraph 385 as nonenumerated manufactured articles. The importers did not claim in protest 935373 that the braids were nonenumerated manufactured articles, and consequently the classification of the braids by the collector as manufactures of vegetable fibers, although incorrect, could not have been set aside if an appeal had been taken by the Government from the judgment of the United States Customs Court holding that the braids were manufactures of grass. In protest 952772 the importers claimed that the cords made of sea grass were dutiable as nonenumerated manufactured articles; and that protest was properly sustained by the United States Customs Court.

Paragraph 372 does not provide for manufactures of sea grass, and therefore does not include braids, cords, or furniture made of sea grass. As manufactures of sea grass are excluded from the operation of paragraph 372 they can not be subjected to its operation by similitude. Moreover, braids and cords of sea grass are used for the manufacture of furniture, baskets, mats, and rugs, and there is no evidence in the record showing or tending to show that sea grass which is not braided or corded is used for any of those purposes. Uncorded and unbraided sea grass, according to the testimony for the importers, is sometimes used for tying packages and for stuffing mattresses, and for other upholstery purposes. The testimony is positive that braids and cords of sea grass are not used for tying packages, and there is no evidence that they are or could be used for stuffing mattresses or for other upholstery purposes. The importers did not prove or attempt to prove that sea grass, corded and braided, is similar in use, quality, or texture to manufactures of grass, and in the absence of any proof of such similiarity we can not hold that any of the goods imported are dutiable under paragraph 368 by similitude to manufactures of grass.

We must hold, first, that this sea grass is not grass, and therefore not directly subject to the provisions of paragraph 368; second, that cords and braids made of sea grass are not sea grass dyed or manufactured; third, that on the evidence submitted the merchandise is not dutiable under either paragraph 368 or 372 by similitude; fourth, that the goods imported are manufactures of sea grass and are nonenumerated manufactured articles provided for in paragraph 385; fifth, that although protest 935373 did not claim that the braids were nonenumerated manufactured articles and although the judgment of the United States Customs Court holding the braids to be manufactures of grass was erroneous, said judgment can not be reversed on the record as made, because no appeal was taken therefrom by the Government. *Johnson* v. *United States,* 13 Ct. Cust. Appls. 373, 382; *United States* v. *Lies,* 170 U. S. 628, 634. Sixth, that the importer made the right claim as to the classification of the cords and that they were dutiable at 15 per centum ad valorem under paragraph 385 as adjudged by the United States Customs Court.

The judgment of the United States Customs Court as to the braids and the cords is therefore *affirmed.*