UNITED STATES *v.* A. HARTOG & CO. ET AL. (No. 3211)[1]

United States Court of Customs and Patent Appeals, February 6, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter*, special attorney, of counsel), for the United States.

*Frank L. Lawrence* (*Richard Neville* and *Martin T. Baldwin* of counsel) for appellee.

[Oral argument December 10, 1929, by Mr. Charles D. Lawrence and Mr. Baldwin]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise consisting of chairs in chief value of rattan was assessed for duty by the collector at 60 per centum ad valorem under

[1] T. D. 43863.

paragraph 407 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 407. * * * Furniture made with frames wholly or in part of wood, rattan, reed, bamboo, osier or willow, or malacca, and covered wholly or in part with rattan, reed, grass, osier or willow, or fiber of any kind, 60 per centum ad valorem; * * *.

It is claimed by counsel for the importers that the merchandise is dutiable at only 33⅓ per centum ad valorem under paragraph 410, the pertinent part of which reads as follows:

PAR. 410. * * * house or cabinet furniture wholly or in chief value of wood, wholly or partly finished, wood flour, and manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

This appeal covers two protests, No. 79547–G of A. Hartog & Co. and No. 271610–G of the American Import Co.

On the trial in the court below, counsel for the importers, Mr. Baldwin, stated:

Mr. BALDWIN. This protest covers certain parasols, and also certain furniture. It is abandoned as to the parasols. We will confine our claim to the furniture, which has been assessed as furniture with wooden frames, covered with grass or other materials, and which we claim does not fall within that description.

Thereupon the witness, A. Hartog, of A. Hartog & Co., one of the appellants, testified for the importer. He identified illustrative Exhibit A and said that it substantially represented the "merchandise contained in cases 107 to 167." He qualified this statement, however, as follows:

By Mr. BALDWIN:
Q. In these cases, 107 to 167, are there any items which are not represented by that sample? If so, enumerate them, please.—A. Well, here is this package No. 160. That is peel rattan tables; and the package 167 had besides a glass flower pot also a peel rattan flower pot.
Q. With what material were those items covered which are specified as No. 160 and the last item No. 167?—A. Well, this rattan?
Q. Were they covered all over with rattan?—A. Yes.
Mr. BALDWIN. The protest is abandoned as to those items covered with rattan.

In view of the quoted statements of counsel for importers that the "protest is abandoned as to the parasols" and "as to those items covered with rattan" (we assume that counsel's language "items covered with rattan" was intended to refer to the articles contained in "package No. 160" and in "package 167" mentioned in the quoted testimony), we proceed to a consideration of the case on the assumption that illustrative Exhibit A, a chair, is substantially representative of the merchandise involved in this appeal.

Continuing his testimony, the witness, Hartog, said that the frames of the involved chairs were made of malacca; that the frames were covered with sea grass; that, while "rows" or "strips" of rattan ap-

pear on the surfaces of the chairs—around the edges of the skirts, underneath the seats, around the malacca frames, on and extending from the front edges of the seats around the sides and backs, on each side of the top surface of the arms and over and around the top portion of the front surface of the backs, across the center of the backs on both the front and rear surfaces, and on, around, and extending from the rear surface of the backs along the under surface of the arms—they are not, in fact, used to cover the frames but to strengthen the backs and seats of the chairs and to protect the sea-grass covering.

The witness, Ochs, testified that the chairs were composed of malacca, rattan, and sea grass. With reference to the frames of the chairs, he said: "I should say the heavy part is made of malacca and the side braces are made of rattan." He further testified that the chairs were covered with sea grass, and that the "strips" or "rows" of rattan appearing on the surface of the chairs (set forth in detail in our summary of the testimony of the witness, Hartog) were used for the purpose of strengthening the backs, seats, and frames of the chairs. He then said:

Q. Look again at the underside of the bottom. What is the purpose of using those flat rattan peel strips?—A. To strengthen the frame.

Q. Do they, or do they not, have anything to do with fastening the frame together?—A. No; they do not; just strengthen it. I will modify that and say that they might have something to do with parts of it, in the middle of the joints, possibly.

Q. Have something to do with what?—A. With tightening it.

Q. Holding it together?—A. Holding it together.

Thereupon counsel for the parties stipulated "that rattan in some form or other is the component material of chief value of the merchandise."

The trial court held that the involved chairs were composed of frames of wood, covered with sea grass; and that, as the term "grass" in paragraph 407 does not include sea grass, the merchandise was not dutiable under that paragraph. In holding that the term "grass" did not include sea grass, the court cited the case of *O'Connor-Harrison & Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 214, T. D. 42239, in which case this court held that "grass and sea grass are distinctly different tariff entities."

It is contended by counsel for the Government that, while the involved chairs are covered with sea grass, and not with "grass" as that term is used in paragraph 410, nevertheless, the frames of the chairs are covered, in part, with rattan; and that, as this is so, the imported articles fall directly within the terms of paragraph 407.

Counsel for appellees contend, however, that the frames of the involved chairs are not covered, either wholly or in part, with rattan or with any of the other materials mentioned in paragraph 407; and that, as the chairs are composed in chief value of rattan, a form of

wood, the merchandise is directly covered by the provisions of paragraph 410, as held by the trial court.

Two questions are before us for consideration: Are the chairs made with "frames wholly or in part of wood, rattan, reed, bamboo, osier or willow, or malacca"? If so, are the frames "covered wholly or in part with rattan"?

It clearly appears from the record that the frames of the imported chairs are composed either wholly of malacca, or of malacca and rattan.

The witness, Hartog, testified that the frames were composed wholly of malacca.

The witness, Ochs, testified that the "heavy part" of the frames "are made of malacca and the side braces are made of rattan."

The frames are, undoubtedly, substantially covered with sea grass. Are they covered "in part" with rattan?

It is obvious from an examination of illustrative Exhibit A that there are rows or strips of rattan wound around the frames, and on the arms, backs, skirts, and on the outer edges of, and underneath, the seats of the chairs.

Counsel for the importer claim that these rows or strips of rattan are not a part of the covering of the frames, because they are used for the purpose of strengthening the various parts of the chairs.

No doubt the strips or rows of rattan do strengthen the frames, backs, arms, and seats of the chairs. It may be true, also, that the rattan borders on the sea-grass skirts serve to protect the sea grass. However, it does not necessarily follow that the frames are not covered in part with rattan. The rattan not only covers the frames but, in many places, covers the sea grass, and is so arranged as to give the chairs an ornamental appearance. In our opinion, rattan forms a substantial, although minor, part of the covering of the frames. See *United States* v. *Burne*, 4 Ct. Cust. Appls. 298, T. D. 33515.

We conclude, therefore, that the frames of the chairs are composed either wholly of malacca or of malacca *and* rattan, and that they are *covered* in part with rattan.

For the reasons stated the judgment is *reversed*.