UNITED STATES v. NEUMAN & SCHWIERS CO., INC. (No. 3275)[1]

United States Court of Customs and Patent Appeals, April 10, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

*Barnes, McKenna & Halstead* (*Samuel M. Richardson* and *Joseph Schwartz* of counsel) for appellee.

[Oral argument February 11, 1930, by Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

A kind of wine sauce which is used in the kitchen in the preparation of lobster à la Newburg, shrimp à la Newburg, and various other à la Newburg dishes was, by the collector, classified under the clause:

\* \* \* sauces of all kinds, not specially provided for; \* \* \* 35 per centum ad valorem.

---

[1] T. D. 43971.

1

found in the latter part of the prepared-vegetable paragraph, 773, Tariff Act of 1922.

The importer protested the classification, claiming it dutiable as an unenumerated manufactured article at 20 per centum ad valorem under paragraph 1459, or under other paragraphs not necessary to consider here since the importer relies entirely upon the claim that it is an unenumerated manufactured article.

The Government contends that, if not dutiable as assessed, the article should have been classified directly under paragraph 24, or by similitude under paragraph 24 or paragraph 773. The pertinent portion of paragraph 24 is as follows:

PAR. 24. * * * and all alcoholic compounds not specially provided for, if containing 20 per centum of alcohol or less, 20 cents per pound and 25 per centum ad valorem; * * *.

The testimony shows that the article is used in the place of sherry in making various à la Newburg dishes and that it is not used on the table as Worcestershire or chili sauce is used. The label on the sample, produced in evidence, calls it "Sauce Theo" and "Sauce Neuburg" and further states that it is used "For all sauces where sherry was used." On the label also appears the following:

| | |
|---|---|
| Tannin | 1% |
| Chlorure of sodium | 5% |
| Assorted spices | 1% |
| Alcohol | 13% |
| Water | 80% |

A wineglass (about 1¼ gills) for four persons.

The court below held that the article was not a sauce but an ingredient for sauces and that it was not specially provided for, and, therefore, was dutiable as an unenumerated manufactured article at 20 per centum.

The following definitions of the word "sauce" are quoted:

Sauce. 1. A condiment or composition of condiments and appetizing ingredients eaten with food as a relish; esp., a dressing for meat, fish, puddings, etc.— *Webster's New International Dictionary (1929)*.

Sauce, flavouring or seasoning for food, usually in a liquid or semiliquid state, either served separately or mixed with the dish.—*Encyclopædia Britannica (11th Ed.), Vol. XXIV, page 234*.

In *Bogle* v. *Magone*, 152 U. S. 623, the Supreme Court of the United States gave the common meaning of the word "sauce" as follows:

The word "sauce," as commonly used, designates a condiment, generally but not always of liquid form, eaten as an addition to and together with a dish of food, to give it flavor and make it more palatable; and is not applied to anything which is eaten, alone or with a bit of bread, either for its own sake only, or to stimulate the appetite for other food to be eaten afterwards.

If a broader meaning of the word "sauce" is given than is indicated in the above quotation, it would be inclusive of any substance used to season or flavor food in the process of cooking or preparing it, and its application would lead us far afield in the classification of this character of merchandise.

We agree with the court below that the article in controversy is not a sauce. It may well be a flavoring which might be used in making sauce, but, in its imported condition, it hardly responds to the word "sauce."

It is not necessary for us to determine whether or not merchandise like that at bar is dutiable directly or by similitude under paragraph 24. The report of the collector and the answer by the appraiser to the protest make no mention of alcoholic content. As far as we know, no analysis of the merchandise was made. The importer did not claim under that paragraph, and in the trial below paragraph 24 was not suggested to the court nor considered by it in its opinion. Upon appeal the Government assigns as error the fact that the court did not hold the merchandise dutiable under paragraph 24, and here for the first time claims that if it is not dutiable under paragraph 773 it is dutiable under the provision for "all alcoholic compounds not specially provided for, if containing 20 per centum of alcohol or less, 20 cents per pound and 25 per centum ad valorem." The label on the bottle and the very unsatisfactory evidence as to the alcoholic content under the circumstances we think would not justify this court in suggesting that the merchandise is dutiable under paragraph 24. It may be that it is an alcoholic compound containing 20 per centum of alcohol or less, but this is an issuable fact and, if classification is sought under the paragraph, the issue should be presented at the proper time upon a proper record.

The importation is not shown to be similar in either material, quality, texture, or use to the articles provided for in paragraph 773, and is, therefore, not classifiable thereunder by similitude. Not being provided for or enumerated in the act, the merchandise is dutiable as an unenumerated manufactured article.

The judgment of the United States Customs Court is *affirmed*.

DISSENTING OPINION

LENROOT, Judge: I regret that I can not agree with the conclusion reached by the majority of the court.

Two questions are involved:

1. Is the merchandise involved a sauce within the meaning of paragraph 773, Tariff Act of 1922?

2. If not, was it classifiable under paragraph 1459 or under paragraph 24 of said act?

The collector classified the merchandise and assessed it for duty under that provision of said paragraph 773 reading as follows:

\* \* \* sauces of all kinds, not specially provided for; \* \* \* 35 per centum ad valorem.

The importer protested the classification, claiming it dutiable as a nonenumerated manufactured article at 20 per centum ad valorem, or under other paragraphs (not including said paragraph 24) not necessary to consider here since the importer relies entirely upon the claim that it is a nonenumerated article and should be classified under paragraph 1459. The Customs Court so held, sustaining the protest, and the Government appeals. It assigns as error, among other things, the failure of the Customs Court to hold the merchandise dutiable under said paragraph 24.

The majority here agrees with the lower court that the merchandise in question is not a sauce. The collector having classified it as a sauce, the burden was upon appellee to show that the classification to which he objected was erroneous, and that the classification which he claimed in his protest was correct.

The testimony shows the importation consisted of a number of bottles containing a liquid. The sample of the merchandise, Exhibit 1, offered in evidence by the importer, has the following label:

SAUCE THEO

Special Export

For all sauces where Sherry was used

Net Contents: 1 pint

| | |
|---|---|
| Tannin | 1% |
| Chlorure of sodium | 5% |
| Assorted spices | 1% |
| Alcohol | 13% |
| Water | 80% |

Packed by THEOPHILE GUILLON

Nantes (France)

Enesco pure Food C. O. N. Y.

Distr. and monopol.

In large red letters on each side of this label appear the words "Sauce Neuburg."

The other label reads:

Recipe

I

This sauce is used for flavoring all sauces where Sherry was used.
This preparation is guaranteed not to ferment.

II

Shake the bottle before using.

III

Don't use salt of spices with this sauce.

IV

A wine glass (about 1¼ gill) for four persons.

The only testimony in the case was given by a Mr. J. S. Neuman, representing the importer. He testified that said Exhibit 1 properly represented the merchandise involved in the protest.

Conceding that the testimony in the case does establish that the merchandise in question is not a sauce within the meaning of said paragraph 773, in my judgment appellee has not established that the classification claimed in his protest is correct. If the classification of the collector was wrong, in my opinion the merchandise should have been classified and assessed for duty under paragraph 24 of said act of 1922, the pertinent part of which reads as follows:

*. * * and all alcoholic compounds not specially provided for, if containing 20 per centum of alcohol or less, 20 cents per pound and 25 per centum ad valorem * * *.

The label upon Exhibit 1 in evidence purports to give the ingredients as hereinbefore stated. Among them is "alcohol 13%."

The witness, Mr. Neuman, testified: "The ingredients are on the bottle." Upon cross-examination he testified as follows:

Q. I notice this contains 1 per centum tannin; chloride of sodium, 5 per centum; assorted spices, 1 per centum; alcohol, 13 per centum; and water, 80 per centum.—A. Yes; that is probably so; that is what it is.

Of course, the label upon the bottle could not have been used by appellee as proof of the contents of the bottle, for in that case it would have been a self-serving declaration, but the Government can and does properly urge that this label introduced in evidence by appellee, together with his positive testimony that the ingredients were as stated upon the label, is sufficient proof of the contents, there being nothing in the record to the contrary. The label constitutes an admission. I submit that the presence of 13 per centum of alcohol in the merchandise is established by the record, for the purposes of this case.

The next question is, the merchandise containing 13 per centum of alcohol, Should it be classified under said paragraph 24? I think it should be so classified.

The case of *United States* v. *Chattanooga Brewing Co.*, 3 Ct. Cust. Appls. 375, T. D. 32965, involved the classification of an article used as a base for the manufacture of nonalcoholic drinks. The Government contended that it was dutiable either as an alcoholic or a chemical compound. On the facts the lower court found as follows:

We are satisfied from the record that the merchandise is neither fruit ether nor fruit essence.

In its opinion this court said:

It is uncontradicted in the record that the merchandise is, as imported, composed of 17.6 per centum of alcohol and 1.7 per centum of extract, the balance of water; that the extract has a fruit aroma. Upon these uncontradicted facts and the said finding there was sufficient in the record to conclude that the imported article fell for dutiable purposes within one or the other of paragraphs 2 or 3 aforesaid as an alcoholic compound or as a chemical compound, or, if not such, as a chemical mixture. The conclusion and holding of the board that it was dutiable as a "nonenumerated manufactured" article was erroneous.

It seems to me that this ruling should govern the case at bar, and if the merchandise is not a sauce and dutiable under paragraph 773 it should be held to be dutiable under paragraph 24.

The majority opinion states:

The importer did not claim under that paragraph, and in the trial below paragraph 24 was not suggested to the court nor considered by it in its opinion. Upon appeal the Government assigns as error the fact that the court did not hold the merchandise dutiable under paragraph 24, and here for the first time claims that if it is not dutiable under paragraph 773 it is dutiable under the provision for "all alcoholic compounds not specially provided for, if containing 20 per centum of alcohol or less, 20 cents per pound and 25 per centum ad valorem." The label on the bottle and the very unsatisfactory evidence as to the alcoholic content under the circumstances we think would not justify this court in suggesting that the merchandise is dutiable under paragraph 24. It may be that it is an alcoholic compound containing 20 per centum of alcohol or less, but this is an issuable fact and, if classification is sought under the paragraph, the issue should be presented at the proper time upon a proper record.

In the first place there was no duty upon the part of the Government to make any claim with respect to paragraph 24. The burden was upon appellee to show that the merchandise is dutiable under the paragraph claimed in its protest.

It is well established that "one who protests the collector's classification of merchandise must not only show that the collector is wrong, but must point out in the protest the correct paragraph under which he claims his goods to be dutiable." *United States* v. *Silk Association of America*, 16 Ct. Cust. Appls. 566, T. D. 43296; *O'Connor-Harrison & Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 214, T. D. 42239.

When an importer places in evidence a label purporting to give the ingredients of the merchandise, and testifies positively that the label correctly states the ingredients, which, if true, would defeat his claim, to hold that no consideration shall be given to these admissions against interest is equivalent to holding that the burden is upon the Government to establish dutiability under a paragraph not claimed in the protest in order for it to succeed. This is clearly not the law.

The Government in the court below endeavored to justify the collector's classification. There was no burden upon it to point out or contend that paragraph 24 was applicable. The burden was upon appellee to show it was not applicable before it could properly claim dutiability as a nonenumerated manufactured article. The Government had a right to present that question to this court by proper assignment of error after it was defeated in the Customs Court upon its position that the collector's classification was correct. The effect of its contention is that appellee has not sustained the burden upon it to show that the merchandise was dutiable as a nonenumerated article. It seems clear to me that, in view of the uncontradicted testimony in the record, appellee has not established that the merchandise is not dutiable under said paragraph 24, or, in other words, it has failed to "point out in the protest the correct paragraph under which he claims his goods to be dutiable."

It is not enough for the importer to "point out in the protest the correct paragraph," but the burden is upon him to establish the claim. *Stegeman* v. *United States*, 5 Ct. Cust. Appls. 393, T. D. 34935; *Benjamin Iron & Steel Co.* v. *United States*, 2 Ct. Cust. Appls. 159, T. D. 31677.

In the case of *Vandiver* v. *United States*, 2 Ct. Cust. Appls. 505, T. D. 32246, this court said:

> The importer having failed to establish by sufficient evidence that the goods are manufactures in chief value of cork, paper, wood pulp, or wood, as claimed by him, and there being some evidence tending to show that they are dutiable by similitude to linoleum and therefore *prima facie* not subject to the provisions of section 6, we must, even if we disagreed with the finding of the collector, sustain the board in overruling the protest.

It seems to me that the language above quoted is applicable in principle to the case at bar. I think the importer has failed to establish by sufficient evidence that the merchandise in question is non-enumerated so as to bring it within paragraph 1459, which he claims; and, there being some evidence tending to show that it is dutiable under paragraph 24, and therefore *prima facie* not subject to the provisions of paragraph 1459, we should, even if we disagree with the finding of the collector, *reverse* the judgment of the Customs Court without *affirming* the classification of the collector.