STEINHARDT & BRO. ET AL. *v.* UNITED STATES (No. 1883).[1]

1. CONSTRUCTION, PARAGRAPH 175, TARIFF ACT OF 1913—"LIKE MATERIAL"—
"WOOD"—RAFFIA—CANE.

Raffia, being material derived from the raffia palm, which is a tree, is classifiable either as "wood" or as "like material," under paragraph 175, tariff act of 1913. Cane is classifiable as wood under the same paragraph.

2. CONSTRUCTION, PARAGRAPH 175, TARIFF ACT OF 1913—"CHIEF VALUE"—BASKETS, SILK LINED.

Baskets made of raffia, wood, cane, and willow, and lined with silk, the silk being *greater* in value than any *one* of the other component materials, but *less* than *all,* are classifiable, not under paragraph 318, tariff act of 1913, as miscellaneous manufactures in chief value of silk, but under paragraph 175, as baskets "in chief value of * * * wood," or "like material."

United States Court of Customs Appeals, May 8, 1918.

APPEAL from Board of United States General Appraisers, G. A. 8106 (T. D. 37403).

[Reversed.]

*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Irving Washburn,* special attorney, of counsel), for the United States.

[Oral argument Apr. 20, 1918, by Mr. Washburn and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Silk-lined baskets composed of raffia, wood, cane, and willow and lined with silk were classified by the collector of customs as manu-

---

[1] T. D. 37646 (34 Treas. Dec., 452).

factures in chief value of silk, and assessed for duty at 45 per cent ad valorem under the provisions of paragraph 318 of the tariff act of 1913, which, in so far as pertinent, reads as follows:

318. Woven fabrics, * * * and all manufactures of silk, or of which silk or silk and india rubber are the component materials of chief value, not specially provided for in this section, 45 per centum ad valorem.

The importers protested against the classification and assessment of duty on various grounds, but that on which they really relied was the claim that the goods were baskets in chief value of wood or like material, and therefore dutiable at 25 per cent ad valorem under paragraph 175 of said act, which reads as follows:

175. Blinds * * * in chief value of bamboo, wood, straw, or compositions of wood. * * * and baskets in chief value of like material, 25 per centum ad valorem.

From the appraiser's report, the correctness of which is not disputed, it appears that the baskets are composed of raffia, wood, cane, and willow, and are lined with silk. The value of the basket exceeds the value of the lining, but the value of the lining exceeds the value of any other single component.

The Board of General Appraisers held that the goods should be regarded as an entirety and that, as the value of the silk exceeded that of any other single component, the baskets were dutiable as manufactures in chief value of silk. The board accordingly overruled the protest and the importers appealed.

With the exception of the lining the only components of the baskets are raffia, wood, cane, and willow. Wood, cane, and willow belong to the class of material known as wood, and as raffia is a material derived from the raffia palm, which is a tree, it is evident that it must be classified either as wood or as a material like to wood.

We may, therefore, say that the baskets are composed of silk and of wood and of like material to wood. As paragraph 175 in terms provides for baskets in chief value of *like material* to bamboo, wood, straw, or compositions of wood, and as the baskets here involved are in part of that kind of material, it is evident that, for the purposes of determining the component material of chief value, the value of the silk lining can not, under the wording of the law itself, be compared with the value of each of the other single components, but must be compared with the total value of the materials which are like to bamboo, wood, straw, or compositions of wood.

The total value of the material like to wood in the baskets exceeds the value of the silk, and therefore the baskets should be classified under paragraph 175, and not under paragraph 318.

The decision of the Board of General Appraisers is *reversed.*