### STEINHARDT & BRO. ET AL. *v.* UNITED STATES (No. 1883).[1]

1. CONSTRUCTION, PARAGRAPH 175, TARIFF ACT OF 1913—"WOOD."

In common parlance wood is the tough, hard substance of all trees and shrubs, and it includes not only the hard fiber bundles of trees and shrubs in general but also the tougher fibrous components of some herbaceous plants. It is a very broad term and includes not only material obtained from exogenous plants but also like substances obtained from palms, from bamboo (which is a giant grass), and from some ferns (which are herbaceous plants). The word "wood" in paragraph 175, tariff act of 1913, will be so construed.

2. RAFFIA IS WOOD.

Raffia is wood within the meaning of that term as used in paragraph 175, tariff act of 1913.

3. CONSTRUCTION, PARAGRAPH 175, TARIFF ACT OF 1913—"CHIEF VALUE"— BASKETS, SILK LINED.

Baskets made of raffia, wood, cane, and willow, and lined with silk, the silk being *greater* in value than any *one* of the other component materials, but *less* than *all*, are classifiable, not under paragraph 318, tariff act of 1913, as miscellaneous manufactures in chief value of silk, but under paragraph 175, as baskets "in chief value of * * * wood" or "like material." Steinhardt & Bro. et al. *v.* United States (8 Ct. Cust. Appls., 404; T. D. 37646). This is true notwithstanding that the silk lining may be greater in value than the wood, cane, and willow, since raffia is held to be wood within the meaning of that term as used in paragraph 175.

---

[1] T. D. 37940 (36 Treas. Dec., 205).

United States Court of Customs Appeals, February 25, 1919.

REHEARING of Steinhardt & Bro. et al. *v.* United States (8 Ct. Cust. Appls., 404).
Appeal from Board of United States General Appraisers, G. A. 8106 (T. D.
37403).

[Reversed; original opinion adhered to.]
*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel)
for appellants.
*Bert Hanson*, Assistant Attorney General (*Samuel Isenschmid* and *Irving Washburn*,
special attorneys, of counsel) for the United States.

[Oral argument Jan. 9, 1919, by Mr. Washburn and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Silk-lined baskets composed of raffia, wood, cane, and willow were
classified by the collector of customs as manufactures in chief value
of silk, and were claimed by the importers to be baskets in chief
value of bamboo, wood, straw, compositions of wood, or of like ma-
terials.

The Board of General Appraisers sustained the classification of the
collector, which decision was reversed by this court on May 8, 1918.
Steinhardt & Bro. et al. *v.* United States (8 Ct. Cust. Appls., 404;
T. D. 37646). A rehearing having been granted to the Government,
however, the case was reargued on January 9, 1919, and on that date
again submitted for determination.

The Government contends, first, that the baskets are made in
part of raffia and that as raffia is a fiber derived from the raffia palm,
an endogenous plant, it is not "wood," inasmuch as that term is
practically always applied to the product of exogenous, not endog-
enous, plants; second, that although the baskets made of raffia,
wood, cane, and willow are of greater value than the silk with which
they are lined, nevertheless it can not be held that they are com-
posed in chief value of the materials specifically mentioned in para-
graph 175, because raffia is neither bamboo, wood, straw, nor a com-
position of wood and might well be the component of chief value,
there being no evidence to the contrary. The Government further
argues that even if raffia is not the material of chief value, never-
theless, as the value of the wood, cane, and willow was not estab-
lished, it can not be said that the value of the silk lining does not
exceed that of any other single component.

The importers on their part insist that raffia is either a wood or a
composition of wood, and that the baskets are dutiable at 25 per
cent ad valorem, inasmuch as they are composed in chief value of
the constituents enumerated in paragraph 175.

From these contentions it is apparent that if raffia be a wood the
importers must prevail, and that if it is not, then the Government is

entitled to an affirmance of the board's decision overruling the importers' protest.

It appears from the authorities cited by the Government that raffia is a fiber derived from the raffia palm, which is native to the island of Madagascar and is closely related to the Jupati palm. The leaves of this palm have an average length of 25 feet, borne on a stalk some 10 feet long and some 4 feet in diameter. The raffia palm, as are other palms, is an endogenous, not an exogenous, plant—that is to say, a plant which grows from within and not from the outside or circumference. Raffia fiber is obtained from the raffia palm by peeling off the cuticle of the leaf stalk in strips averaging an inch in width and from 3 to 4 feet in length. [Raffia.—The Century Dictionary and Cyclopedia; Standard Dictionary; Oxford Dictionary; Standard Cyclopedia of Horticulture, by Bailey (1916); Raffia Basketry as a Fine Art, by Ashley (1915, p. 1); Raffia Work, by Bowers (p. 1); Descriptive Catalogue of Useful Fiber Plants of the World, by Dodge (Report No. 9, Office of Fiber Investigation, Department of Agriculture, p. 276); Textile Fibers, by Matthews (N. Y., 1908, p. 330); Raffia and Raffia Palm, Webster's Dictionary; Raffia and Jupati Palm, the New International Encyclopedia.]

With this information before us, can it be said that the raffia fiber of which the baskets are made in part is a wood as that term is used in paragraph 175? The Government insists that it can not, inasmuch as the term "wood" is limited to the product of exogenous trees or shrubs and to that part of such trees and shrubs which lies between the pith and the bark. If that definition be correct it is clear that wood is produced exclusively by exogenous and dicotyledonous plants and that raffia can not be called wood, inasmuch as palms are endogenous and monocotyledonous and have no distinction of pith and bark the characteristics of exogens. (See "Endogens," "Exogens," "Dicotyledones," and "Monocotyledones," Standard Dictionary.) We think the term "wood" has a more comprehensive meaning than that accorded to it by the Government, and that it can scarcely be said that either popular or scientific usage has so restricted the signification of the word as to justify the definition upon which the appellants rely.

In common parlance wood is the tough, hard substance of all trees and shrubs, and it includes not only the hard fiber bundles of trees and shrubs in general but also the tougher fibrous components of some herbaceous plants.

The Century Dictionary and Cyclopedia defines "wood" as—

2. The substance of trees; the hard fibrous substance which composes the body of a tree and its branches, and which lies between the pith and the bark. In dicotyledonous plants the wood is composed externally of the alburnum or sap wood, and internally of the duramen or hard wood. In monocotyledonous plants, or endogens, the hardest part of the wood is nearest the circumference, while the interior is composed of cellular tissue.

The Standard Dictionary and the New Standard Dictionary agree on the following definition of wood:

2. (Bot.) The substance of which a tree or shrub 'is composed; in an exogenous stem the hard, solid part between the pith and bark, made up of the xylem portions of the fibro-vascular bundles.

3. The hard substance of a tree or shrub as cut for use, as for building, cabinetwork manufacturing purposes. or fuel; timber; lumber; firewood; cordwood.

It will be noticed that the second definition states that the wood of exogenous plants is found between the pith and the bark, but from that it does not follow by any means that wood is not produced by trees or shrubs which have neither pith nor bark.

Webster's Dictionary says that wood is—

2. The substance of trees and the like; the hard, fibrous substance which composes the body of a tree and its branches, and which is covered by the bark; timber. * * *

3. (Bot.) The fibrous material which makes up the greater part of the stems and branches of trees and shrubbery plants, and is found to a less extent in herbaceous stems. It consists of elongated tubular or needle-shaped cells of various kinds, usually interwoven with the shining bands called *silver grain.*

4. Trees cut or sawed for the fire or other uses.

According to Worcester's Dictionary, wood is—

2. The substance of trees; trees sawed or cut for architectural or other purposes; timber. "Bring *wood,* and build the house" (Hag., i. 8); "And they clave the *wood* of the cart" (1 Sam., vi, 14); "Come up unto me into the mount, and make thee an ark of *wood.*" (Deut., x, 1).

3. Trees cut or sawed for fuel.

5. (Bot.) The inner and hardened portion of trees and shrubs of more than one year's duration.

The *wood* of exogenous plants consists of proper woody tissue, more or less intermingled with vascular tissue, principally in the form of dotted ducts, or occasionally some spiral or annular ducts, etc. It is composed of concentric rings or layers, each the growth of one year, which are traversed by medullary rays. The *wood* of endogenous plants consists of bundles of woody and vascular tissue, in the form of thick fibers and threads, which are embedded in cellular tissue.—*Gray.*

In endogenous trees and shrubs the hardest wood is found nearest the circumference, while in those of exogenous growth the wood proper is covered by the bark and the sapwood or softer woody substance lies next to the bark and surrounds the harder and more durable fibro-vascular bundles. See "wood," 2, Century Dictionary and Cyclopedia.

Probably exogenous plants produce more and better wood than those which are endogenous, but excepting out that probability it can hardly be said that there is any substantial difference between the wood of the first-mentioned class and the tough fibrous material produced by the second. Indeed, we find that the dried, thin, hard glossy outer covering of the Jupati palm, which is closely related to the raffia palm, is used for making laths and blinds, which is decidedly a wood use. (See Jupati palm, International Encyclopedia.)

We think that lexicographers and common knowledge warrant us in saying that wood is a very broad term and includes not only material obtained from exogenous plants, but also like substances obtained from palms, from bamboo, which is a giant grass, and from some ferns which are herbaceous plants. Indeed, bamboo and rattan, which is a specie of climbing palm, were classified under paragraph 700 of the act of 1897 as wood. Tuska v. United States (1 Ct. Cust. Appls., 335–336).

As we find that raffia is a wood, we are constrained to hold that the baskets are composed in chief value of wood. The decision of the Board of General Appraisers is therefore *reversed*.