MURPHY & CO. ET AL. *v.* UNITED STATES (No. 2573) [1]

1. PARTS.
    Parts of an article are not included within an *eo nomine* designation of the article itself.

2. CONSTRUCTION. PARAGRAPH, 372, TARIFF ACT OF 1922—LACE-MAKING MACHINE PARTS.
    The provision of paragraph 372, Tariff Act of 1922, for "embroidery machines, including shuttles for sewing and embroidery machines, lace-making machines, machines for making lace curtains, nets and nettings" does not include parts, and is not modified by the phrase "not specially provided for." The provisions of the paragraph for "knitting, braiding, lace braiding, insulating machines, and other similar textile machinery," for "all other textile machinery," and for "all other machines" include parts and are modified by the phrase "not specially provided for." Parts of machines for making lace curtains, nets, and nettings are not included in the first recited provision, and are excluded from the other three by reason of the fact that such machines are

[1] T. D. 41201.

specially provided for in the first. The judgment of the Board of General Appraisers sustaining the collector's classification of them as manufactures of metal, under paragraph 399, is affirmed.

## United States Court of Customs Appeals, November 21, 1925

APPEAL from Board of United States General Appraisers, G. A. 8941 (T. D. 40691) and Abstract 49002

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellants.
*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *William H. Futrell,* special attorneys, of counsel), for the United States.

[Oral argument Oct. 6, 1925, by Mr. Tompkins and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This appeal brings before us for review two judgments of the Board of General Appraisers, each confirming the classification by the collector at the port of Philadelphia of certain merchandise as manufactures of metal under paragraph 399, Tariff Act of 1922, at 40 per centum ad valorem.

The importers protested against the classification in each of the three entries involved, making various claims. The only claims, however, made in this court are that the merchandise imported is properly dutiable as parts of textile machinery not specially provided for, at 35 per centum, under paragraph 372 of said tariff act, or at 30 per centum under the provision in the same paragraph for lace-making machines, machines for making lace curtains, etc., or at 30 per centum under the provision in said paragraph for parts of machines not specially provided for.

The competing paragraphs, so far as material, are as follows:

399. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

372. * * * embroidery machines, including shuttles for sewing and embroidery machines, lace-making machines, machines for making lace curtains, nets and nettings, 30 per centum ad valorem; knitting, braiding, lace braiding, and insulating machines, and all other similar textile machinery or parts thereof, finished or unfinished, not specially provided for, 40 per centum ad valorem; all other textile machinery or parts thereof, finished or unfinished, not specially provided for, 35 per centum ad valorem; * * * all other machines or parts thereof, finished or unfinished, not specially provided for, 30 per centum ad valorem: * * *

The record shows that the merchandise imported consists of parts of machines used only for making lace curtains, nets and nettings, composed of metal, and that such machines are textile machines. There is no controversy about the facts, the only question presented being as to the proper construction to be placed upon the quoted paragraphs.

The material portions of paragraph 372 may be thus subdivided:

1. Embroidery machines (including shuttles), lace-making machines and machines for making lace curtains, nets and nettings.

2. Knitting, braiding, lace braiding, insulating machines, and other similar textile machinery *or parts thereof*, finished or unfinished, *not specially provided for*.

3. All *other* textile machinery, *or parts thereof*, finished or unfinished, *not specially provided for*.

4. All *other* machines *or parts thereof*, finished or unfinished, *not specially provided for*.

It will be observed that *parts* are provided for in each of the above classes of merchandise except the first, namely, lace-making machines. Here Congress failed to so provide. It has been the uniform holding in customs cases that parts of an article of merchandise are not included within an *eo nomine* designation of the article itself. *Norma Co.* v. *United States*, 6 Ct. Cust. Appls. 89; *United States* v. *Schoverling*, 146 U. S. 76; *Robertson* v. *Gerdon*, 132 U. S. 454. Hence such parts are not included within subdivision 1 above recited.

Nor can they be held to be within the scope of either of the remaining provisions. In what we have above designated as subdivision 2 the provision is for textile machinery which has not been specially provided for, and parts of the same; in subdivision 3, for *other* textile machinery which has not been specially provided for, and parts of the same; and finally in subdivision 4, for all other machines, which have not been specially provided for, and parts of the same.

But machines for the making of lace curtains, nets and nettings have been specially provided for, and hence neither of the three provisions last above quoted applies to the merchandise in question here. This holding is amply supported by *Myers & Co.* v. *United States*, 12 Ct. Cust. Appls. 350, T. D. 40490, and *Proctor Co.* v. *United States*, T. D. 40624, G. A. 8917.

We concur in the conclusions expressed by General Appraiser Fischer in his very lucid and convincing opinion filed in the court below, and the judgment of the Board of General Appraisers is *affirmed*.