UNITED STATES *v.* MILTON BRADLEY CO. (No. 3051[1])

United States Court of Customs Appeals, May 7, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler* and *Fred J. Carter*, special attorneys; of counsel), for the United States.
*Frank L. Lawrence* for appellee.

[Oral argument April 10, 1928, by Mr. Carter]

Before GRAHAM. Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD Associate Judges

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is described in the consumption entry, and in the invoice accompanying the same, as "dyed vegetable fiber." The collector classified it as a nonenumerated manufactured article under paragraph 1459 of the Tariff Act of 1922, and assessed a duty of 20 per centum ad valorem thereon, as provided in said paragraph. Importer protested, claiming free entry under paragraph 1572 or 1582 or 1622 or 1703, or alternatively as dutiable under paragraph 1001.

The appraiser's answer to the protest was as follows:

The merchandise covered by this protest is invoiced as dyed vegetable fiber. It consists of a species of palm leaf known as raffia. In its imported condition is in long strips, and has been dyed or colored. *It is not a fiber and is not specially mentioned in the tariff.* Being advanced from its crude state by dyeing, it is dutiable as a "manufactured article n. s. p. f."

---

[1] T. D. 42765.

When the case came on for hearing before the Customs Court the official sample and the appraiser's answer to the protest, referred to in the record as the "appraiser's report," were offered in evidence by importer and the case submitted. From the opinion of that court we learn that the claims relied on by importer before it were based upon paragraphs 1703 and 1001. The court adjudged the merchandise classifiable under the last-mentioned paragraph and the Government appealed. It is, therefore, only necessary for us to consider whether the classification by the collector as an article "manufactured in whole or in part not specially provided for" under paragraph 1459 was correct, or whether it should have been classified under paragraph 1001. That paragraph reads as follows:

Flax, straw, $2 per ton; flax, not hackled, 1 cent per pound; flax, hackled, including "dressed line," 2 cents per pound; flax tow and flax noils, crin vegetal, or palm-leaf fiber, twisted or not twisted, three-fourths of 1 cent per pound; hemp and hemp tow, 1 cent per pound; hackled hemp, 2 cents per pound.

The important parts of the opinion of the court below are as follows:

The official sample consists of a peellike material about 40 inches in length, which when flattened out has a width of about one-quarter of an inch, and apparently has been dyed green. From an inspection of such sample and the appraiser's said report we think we are justified in finding that the merchandise consists of raffia material of the same character as that considered in the case of Steinhardt & Bro. v. United States, 9 Ct. Cust. Appls. 62; T. D. 37940, wherein the Court of Customs Appeals described the raffia as a fiber derived from the raffia palm by peeling off the cuticle of the leaf stalk in strips averaging an inch in width and from 3 to 4 feet in length. But whether the raffia fiber now in question was actually peeled from the leaf instead of the stalk of the leaf we think will make no difference in the determination of the issue here presented. * * *

The provision in paragraph 1001 of the present act for "palm-leaf fiber, twisted or not twisted," is a new one and, in our opinion, fully comprehends the raffia material here in question under the decision of Steinhardt & Bro. v. United States, supra. The fact that it is dyed would not of itself change its classification, inasmuch as the dyeing evidently has not changed its form, name, character, or use, and there is nothing in said provision itself which would exclude palm-leaf fiber when dyed.

The importer filed no brief and makes no argument in this court.

We are unable to affirm the judgment below. The case of Steinhardt & Bro. v. United States, referred to in the opinion of the Customs Court, involved only the question as to whether or not the raffia there involved was or was not wood, and any description of it in that opinion was adduced only for the purpose of elucidating that particular point.

There is no evidence whatever, except the appraiser's answer to the protest, in which it is said that in its imported condition the merchandise "is not a fiber," and the exhibit itself. So far as the exhibit is concerned, the description thereof given in the opinion of the Customs Court is, as far as it goes, correct, but an examination

thereof shows that each strip of the official exhibit contains numerous small fibers and the connective cellular tissue.

The classification of the collector is presumed to be correct, and, of course, the burden is upon importer to show that it is not so and also to show that the merchandise is properly classifiable under paragraph 1001. The appearance of the official exhibit indicates, as the court's opinion implies, that the strips have been taken from a larger growth, probably the palm leaf, and the appraiser's answer shows it has taken a new name, "raffia." It manifestly has been subjected to some operations other than mere dyeing, all of which is implied in the collector's classification.

It will be noted that in the opinion of the court below it is assumed, without evidence, that it would make no difference whether the exhibit was actually peeled from the leaf instead of the stalk of the leaf, also that the fact that it was dyed had not changed its form, name, character, or *use*, concerning any or all of which there is no proof.

Paragraph 1001 provides for "palm-leaf fiber, twisted or not twisted," from which, without proof to the contrary, it will be assumed that the fiber dutiable thereunder must come from the palm leaf itself and not from the stalk of the leaf, as the court below assumed might be the case. The context of paragraph 1001 to us implies small fibers, and the expression "crin vegetal, or palm-leaf fiber" we understand, taken as a whole, and without explanatory testimony, to mean a small or hair-like palm-leaf fiber, and not a strip one-fourth of an inch wide containing several fibers in conjunction with the connective cellulose material. We think the common meaning of the word "fiber" is not satisfied by the physical appearance of the strips constituting the official exhibit. See *Barham et al.* v. *United States*, 11 Ct. Cust. Appls. 536, T. D. 39679, in which we said that thin flat strands varying from two to seven-sixteenths of an inch in width could hardly be called a fiber within the common meaning of that word.

The whole case sums up about as follows: The court below has assumed, without proof, that the dyeing of the merchandise here has not changed the use to which it may be applied; that "raffia" is "crin vegetal, or palm-leaf fiber," and that there is no difference between palm-leaf fiber and the fiber of the stalk of the leaf, none of which facts is established by any testimony, but in the opinion of the Customs Court is shown by an inspection of the exhibit itself. We think the answer to the protest offered in evidence by importer not only rebuts some of these assumed facts, but taken as a whole justifies the collector's classification. It follows that the judgment below was contrary to the evidence.

In *Krusi v. United States*, 1 Ct. Cust. Appls. 168, T. D. 31213, we had occasion to discuss somewhat the rights of the Board of General Appraisers (now the United States Customs Court) to take judicial notice of facts within common knowledge and experience, and also to point out certain limitations beyond which it could not go. We still adhere to the views there expressed, and think that the court below went too far in this case in assuming facts which were not, but ought, if they existed, to have been proven.

The judgment of the United States Customs Court is *reversed*.