HERMAN MILLER CLOCK CO. *v.* UNITED STATES (No. 3812)[1]

United States Court of Customs and Patent Appeals, November 5, 1934

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Thomas J. Canty*, special attorney, of counsel), for the United States.

[Oral argument October 3, 1934, by Mr. Tompkins and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Herman Miller Clock Co., the appellant, imported certain merchandise described as bezels or lunetten for clock dials, and certain

[1] T. D. 47363.

gongs to be used in clocks, at the port of Grand Rapids, Mich., which were assessed by the collector under the provisions of paragraph 368 (c) (3) of the Tariff Act of 1930, at 65 per centum ad valorem and 3 cents each, as assemblies or subassemblies consisting of two or more parts or pieces of metal or other material joined or fastened together. The importer protested, contending that the goods were dutiable under paragraph 368 (c) (1) as parts, under paragraph 364 as bells, under paragraph 397 as manufactures of metal, under paragraph 1541 (c) as carillons, and parts thereof, under paragraph 1541 (a) as parts of musical instruments, under paragraph 368 (e) as cases, containers, or housings, or as other parts, under paragraph 368 (c) (6), all of said act.

The trial court overruled the protests and the importer has appealed.

At the trial in the court below, the importer relied solely upon its protest claims under said paragraph 368 (e), providing for cases, containers, or housings, or under said paragraph 368 (c) (6) providing for all other parts, and under said paragraph 397 as manufactures of metal. The claims in the protest under paragraphs 364 and 1541 were waived.

The parties have stipulated that the imported goods are properly described in the opinion of the trial court in the following language:

Each of the bezels is circular in shape, 7 inches or 170 millimeters in diameter, composed of seven separate pieces of unplated base metal with a separate piece of convex glass inserted, and as a whole it serves as a frame to cover, house or protect the dials of the clock, being fastened to the front of the clock case around the dial by means of four screws. The bezel is designed for use and used exclusively for that purpose as a housing, frame or covering for the dial, and it has nothing to do with the clock movement.

   *  *  *  *  *  *  *

The gongs, as represented by Exhibit 2, 3 and 4, are of different sizes. Exhibits 2 and 4 are each about 11 inches long, and Exhibit 3 is about 18 inches long. All of these gongs have five unplated base metal rods, which are fastened into an iron or steel base by means of five small unplated base metal screws— thus making 11 separate pieces in each article. These so-called Westminster gongs are specially designed for use and, according to the record, are used exclusively in and as parts of Westminster chimes clocks manufactured by the plaintiff company. They serve, when installed in the clocks, to imitate the Westminster chimes, and five different notes are produced when the rods are struck with leather-tipped hammers.  * * *

The appellant argues here that the congressional intent in enacting this paragraph was that there be a distinction made between the rates of duty on the working parts or movements of clocks, and the non-working parts thereof such as dials, cases, containers, and housings, and that the words "assembly" or "subassembly" as used in paragraph 368 (c) (3) should be construed to refer only to the working parts or movements of clocks, and not to the cases or containers, such as are before us in the form of the bezels or lunettens imported.

As to the gongs, it is fairly shown by the record that these are assemblies or subassemblies, and that they constitute a part of the movements of the clocks of which they will ultimately be parts. We think it may therefore be properly held, without further discussion, that, as to such gongs, the judgment of the court below was not in error.

The material portions of said paragraph 368, for the purposes of this decision, are as follows:

PAR. 368. (a) Clocks, clock movements, including lever movements, clockwork mechanisms, time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, synchronous and subsynchronous motors of less than one-fortieth of one horsepower valued at not more than $3 each, not including the value of gears or other attachments, and any mechanism, device, or instrument intended or suitable for measuring time, distance, speed, or fares, or the flowage of water, gas, or electricity, or similar uses, or for regulating, indicating, or controlling the speed of arbors, drums, disks, or similar uses, or for recording or indicating time, or for recording, indicating, or performing any operation or function at a predetermined time or times, all the above (except the articles enumerated or described in paragraph 367), whether or not in cases, containers, or housings:

(1) If valued at not more than $1.10 each, 55 cents each; valued at more than $1.10 but not more than $2.25 each, $1 each; valued at more than $2.25 but not more than $5 each, $1.50 each; valued at more than $5 but not more than $10 each, $3 each; valued at more than $10 each, $4.50 each;

(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem;

(3) any of the foregoing containing jewels shall be subject to an additional cumulative duty of 25 cents for each such jewel.

(b) All the foregoing shall have cut, engraved, or die sunk, conspicuously and indelibly on the most visible part of the front or back plate: The name of the country of manufacture   *   *   *.

(c) Parts for any of the foregoing shall be dutiable as follows:   *   *   *

(3) each assembly or subassembly (unless dutiable under clause (1) or (4) of this subparagraph) consisting of two or more parts or pieces of metal or other material joined or fastened together shall be subject to a duty of 65 per centum ad valorem and, in addition, to a duty of 3 cents for each such part or piece of material, except that in the case of jewels the specific duty shall be 25 cents instead of 3 cents. For the purpose of this clause and clause (4), bimetallic balance wheels and main springs with riveted ends shall each be considered as one part or piece;

   *   *   *   *   *   *   *

(6) all other parts (except jewels), 65 per centum ad valorem.

(d) Dials for any movements, mechanisms, devices, or instruments enumerated or described in this paragraph or in paragraph 367   *   *   *.

(e) Cases, containers, or housings suitable for any of the movements, mechanisms, devices, or instruments enumerated or described in this paragraph, not specially provided for   *   *   *.

So far as the question here involved is concerned, this paragraph has a perfectly logical and understandable arrangement. First, paragraph 368 (a) names the articles to be covered by the paragraph, namely, clocks, clock movements, and certain mechanisms, devices,

and instruments intended to measure time, and the like, as therein enumerated. Having named the articles to come within the paragraph, the paragraph then provides for marking [368 (b)] "All the foregoing." Then it provides, in 368 (c) for "Parts for any of the foregoing." Following this, in 368 (d), provision is made for "Dials for any movements, mechanisms, devices, or instruments enumerated or described in this paragraph." Finally, in paragraph 368 (e), "Cases, containers, or housings suitable for any of the movements, mechanisms, devices, or instruments enumerated or described in this paragraph", are provided for.

Obviously, subparagraphs 368 (b), (c), (d), and (e) are all intended to refer back to the articles enumerated in paragraph 368 (a), and to provide for the marking, and rates of duty for the parts, dials, and cases, of such enumerated articles differing from the rate upon the principal subject matter of the paragraph.

In this view of the matter, the cases, containers, or housings mentioned in said paragraph 368 (e) cannot be held to mean cases, containers, or housings for the dials named in 368 (d), but must be held to mean cases, containers, or housings for clocks, clock movements, and the other mechanisms, devices, or instruments mentioned specifically in said paragraph 368 (a).

If this be true, then the imported articles cannot be classified under said paragraph 368 (e), for said paragraph 368 (e) does not include *parts* of said cases, containers, or housings. At best, these bezels can only be said to be *parts* of cases, containers, or housings for the clocks, clock movements, and the like, named in said paragraph 368 (a). Parts not being included, we must presume they were not intended to be classified under such duty provision. *Murphy & Co.* v. *United States*, 13 Ct. Cust. Appls. 256, T. D. 41201.

It must be conceded that the imported articles, in the absence of any compelling provision of the law to the contrary, are "parts" of clocks. They, therefore, are included within said paragraph 368 (c)—"Parts for any of the foregoing."

Here, again, we find competing provisions. Paragraph 368 (c) (3) provides for "each assembly or subassembly * * * consisting of two or more parts or pieces of metal or other material joined or fastened together." Subparagraph (c) (6) makes provision for "all other parts."

The language of either (c) (3) or (c) (6) would include the imported articles within its meaning, were the other absent. If, however, the imported goods are included within the language of 368 (c) (3), as we conclude they are, they are not included within said 368 (c) (6), for the latter subdivision includes only parts not theretofore specifically provided for.

We find nothing in *Hammel Riglander Pennant Corp.* v. *United States*, 22 C. C. P. A. (Customs) 204, T. D. 47139, which is out of harmony with the conclusion we have here reached. Nor is there anything in the congressional history, as referred to by counsel for the appellant, which convinces us that there was any congressional intent to make necessary a different classification of the imported articles than was found by the trial court herein.

The judgment of the United States Customs Court is, therefore, *affirmed*.

GARRETT, Judge, dissents as to the bezels or lunetten.

LENROOT, Judge, concurs in the conclusion that the judgment should be affirmed.