**No. 50549.**—Protest 106783–K of Alfred Dunhill of London, Inc. (New York).

Opinion by OLIVER, P. J.   It was held that as the French Trade Agreement specifically provides for duty on parts, such rate must prevail, even though the later British Trade Agreement provides for a lower rate of duty on cigar and cigarette lighters, since no modification of the rates of duty on parts was made in the said British Trade Agreement.   In the absence of a specific provision therefor, parts of an article will not be included within an *eo nomine* designation of the article itself (*Murphy & Co.* v. *United States*, 13 Ct. Cust. Appls. 256, T. D. 41201). The protest was overruled.

**No. 50550.**—Protest 947300–G of E. P. Paul & Co., Inc. (New York).

Opinion by OLIVER, P. J.   It was agreed between the parties that the sets are not entireties, and the claim is therefore limited to the tray.   At the trial it was stipulated that the tray is a table or kitchen article or utensil composed wholly or in chief value of glass, pressed and unpolished, except that the bottom surfaces of the two legs thereof are ground and then polished for purposes other than ornamentation, to wit, to make the said bottom surface smooth and level.   It was held that the articles, while made of pressed glass, not having been decorated or ornamented in any manner, having been ground for purposes other than ornamentation, and polished, are not properly classifiable under paragraph 218 (g).   The court therefore found the glass articles in question to be properly dutiable at 50 percent under paragraph 230 (d).