BEFORE THE FIRST DIVISION, OCTOBER 1, 1953

**No. 57491.**—Earle C. Anthony, Inc., and H. H. Elder & Co. *v.* United States, protest 173535–K (Los Angeles).

MOLLISON, Judge: This suit against the United States arises by protest against the action of the collector of customs at the port of Los Angeles in assessing duty at the rate of 50 percent ad valorem under the provision in paragraph 411 of the Tariff Act of 1930 (19 U. S. C. §1001, par. 411) for:

\* \* \* window blinds \* \* \* any of the foregoing wholly or in chief value of \* \* \* wood \* \* \* not specially provided for \* \* \*

upon a certain importation described on the invoice as "aprons for spring-roller blinds."

It is claimed by the plaintiffs that the importation did not consist of window blinds, but rather of parts of such blinds, not amounting to complete window blinds, and that, since the provisions of paragraph 411 do not embrace parts of the blinds therein provided for, the parts are dutiable according to the component material of chief value, in this case wood, under the provision in paragraph 412 of the said act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, supplemented by Presidential proclamation reported in T. D. 51898 for:

Manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for \* \* \*

at the rate of 25 percent ad valorem.

From the record, it appears that some years ago there had been installed in the residence of the president of the importing corporation certain window blinds consisting of metal guides and rollers into which were fitted certain wooden slats, together with a mechanism for raising and lowering the same. In the course of time, the wooden slat portion of the blinds needed replacement, and the present importation consists of wooden slats for that purpose, each group of slats or "apron" being joined together by a thin strip of metal running through from top to bottom.

We think it is clear from the record that a window blind of the type here involved consists of the rollers and guides as well as the "aprons" or wooden slats which were the only subject of importation here. It also seems clear that the rollers and guides were integral parts of the blinds, rather than accessories thereto; that is to say, they were essential to the use and operation of the blinds rather than merely convenient adjuncts thereto, and, moreover, that they constituted a substantial and not insignificant part of the complete window blind. Further, it appears that the imported "aprons" or wooden slat portions of the blinds could not be used as window blinds without the rollers and guides.

In these circumstances, we are of the opinion that the imported "aprons" or wooden slat portions of the blinds were not in fact or for tariff purposes window blinds but only parts of window blinds.

The rule of law applicable in such situation was set forth in *Murphy & Co. et al.* v. *United States*, 13 Ct. Cust. Appls. 256, T. D. 41201, at p. 258, as follows:

\* \* \* It has been the uniform holding in customs cases that parts of an article of merchandise are not included within an *eo nomine* designation of the article itself. *Norma Co.* v. *United States*, 6 Ct. Cust. Appls. 89; *United States* v. *Schoverling*, 146 U. S. 76; *Robertson* v. *Gerdon*, 132 U. S. 454. \* \* \*

It was established that the wooden portion of the imported merchandise was Swedish pine, and it is, of course, implicit in the classification made by the collector that such wood was the component material of chief value of the imported article.

A *prima facie* case in favor of classification of the merchandise under paragraph 412, as amended, as claimed by the plaintiffs, has therefore been made out, and judgment will issue sustaining the protest claim accordingly.