(C. D. 1908)

QUON QUON COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Decided August 21, 1957)

*Stein & Shostak* (*Marjorie M. Shostak* and *Richard M. Kozinn* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The merchandise the subject of these protests bears invoice item numbers 1117 and 1118, the former being described as "Rattancore oblong table top" and the latter as "Rattancore round table top." Duty was assessed thereon at the rate of 50 per centum ad valorem under the provision in paragraph 411 of the Tariff Act of 1930 for baskets of wood, not specially provided for.

Various claims are made in the protests and by timely amendment thereof, the claim principally relied upon being that for duty at the rate of 20 per centum ad valorem under the provision in paragraph 412 of the said act, as modified by the Presidential proclamation relating to the General Agreement on Tariffs and Trade, T. D. 51802, for parts of furniture, wholly or in chief value of wood, not specially provided for. Other claims are made under the same provision for duty at 12½ per centum ad valorem as furniture, wholly or partly finished, or as furniture, wholly or in chief value of rattan or reed, dutiable at the rate of 30 per centum ad valorem under paragraph 409 of the said act, as modified by the Presidential proclamation reported in T. D. 51909, supplementing the aforementioned proclamation relating to the general agreement.

The plaintiff's claims are based upon the contention that the merchandise involved is not baskets but actually table tops. Plaintiff's exhibit 1 is a sample of the merchandise bearing invoice item No. 1117, the oblong item. It is woven of what is stipulated to be rattancore, of dimensions 35 inches long by 23 inches wide, and has a rim 3 inches deep. The round item, No. 1118, is similar in construction, but round in shape, and 29 inches in diameter.

The uncontradicted testimony offered on behalf of the plaintiff is to the effect that the merchandise at bar was originally designed, produced, sold, and used as table tops, for what is apparently known as patio furniture. In use, the articles are placed on wrought iron stands of domestic manufacture, a sample of which is in evidence as plaintiff's illustrative exhibit 2, and the assembled article is used as a coffee table or cocktail table.

In *United States* v. *Byrnes & Co.*, 11 Ct. Cust. Appls. 68, T. D. 38728, our appellate court indicated what it considered the common meaning of the term "basket" to be:

In substance, all the dictionaries and encyclopaedias define a basket as a vessel of varying capacity, made of flexible materials such as osiers, cane, twigs, and rushes, commonly interwoven and bound at the top, used for the purpose of holding, protecting, or carrying any commodity. We think such a definition correctly expresses the common understanding of the meaning of the word.

Except for the expression "used for the purpose of holding, protecting, or carrying any commodity," the definition above describes the articles at bar. The evidence, however, indicates that while the articles *could* be used for holding, protecting, or carrying things, they are, as a matter of fact, not so used, but are used as table tops.

We are of the opinion that the term "baskets," as defined by our appellate court above, has a use connotation—in other words, the article encompassed by the term must, in fact, be used as a basket, i. e., a vessel used for the purpose of holding, protecting, or carrying things, in order to be classifiable as a basket. The evidence is clear that such is not the purpose or use of the articles at bar, and they are accordingly not baskets.

As hereinbefore indicated, the record establishes that the articles at bar are, in fact, parts—to wit, tops—of coffee or cocktail tables, and there does not seem to be any dispute but that such tables, when assembled with other requisite parts not included in the importation, are furniture.

Whether or not such tables might take classification under the provision in paragraph 409, *supra*, for furniture, wholly or in chief value of rattan or reed, is unnecessary to decide, inasmuch as, in its imported condition, the merchandise did not consist of furniture, but only of parts of furniture. The rule with respect to the scope of a term such as "furniture" was expressed in *Murphy & Co. et al.* v. *United States*, 13 Ct. Cust. Appls. 256, T. D. 41201, as follows:

* * * It has been the uniform holding in customs cases that parts of an article of merchandise are not included within an *eo nomine* designation of the article itself. *Norma Co.* v. *United States*, 6 Ct. Cust. Appls. 89; *United States* v. *Schoverling*, 146 U. S. 76; *Robertson* v. *Gerdon*, 132 U. S. 454. * * *

As pointed out by counsel for the plaintiff in the brief filed in its behalf, the merchandise at bar was classified as baskets of wood, and there does not seem to be any issue that rattancore, the substance of which the articles at bar is composed, is within the broad definition of the term "wood." If there were, the case of *Steinhardt & Bro. et al.* v. *United States*, 9 Ct. Cust. Appls. 62, T. D. 37940, cited by counsel for the plaintiff, is authority for such holding.

We are satisfied, therefore, that the proper classification of the rattancore table tops at bar is as parts of furniture, wholly or in chief

value of wood, not specially provided for, under paragraph 412, as modified, *supra*.

Judgment will issue accordingly.