BEFORE THE FIRST DIVISION, JULY 8, 1958

**No. 62164.**—Manca, Inc. *v.* United States, protest 308919–K (New York).

OLIVER, Chief Judge:  This protest is limited to two items of merchandise described on the invoice as "Reflecting viewfinders" or "Polarizing filters" and marked "A" and checked "WR."  The articles were assessed with duty at the rate of 20 per centum ad valorem under paragraph 1551 of the Tariff Act of 1930

as parts of photographic cameras, not specially provided for. Plaintiff claims that the merchandise is dutiable at only 15 per centum ad valorem under the provision in paragraph 1551, as modified by T. D. 52739, supplemented by T. D. 52820, for "Photographic cameras not specially provided for, valued at $10 or more each (except motion-picture cameras and fixed-focus cameras)."

In a stipulation, upon which the case is before us, the parties have agreed that the items in question are "parts for cameras valued $10.00 or more each, other than fixed-focus cameras or motion picture cameras."

Notwithstanding its concession that the articles under consideration are parts of cameras, plaintiff contends that this merchandise should be classified under the *eo nomine* provision for photographic cameras in paragraph 1551, as amended, *supra*, because, as stated in counsel's brief, "Congress has always regarded cameras and parts as inseparable. Therefore, the designation "photographic cameras," *ipso facto*, includes parts. *General Dyestuff Corp.* v. *United States*, T. D. 49529, 73 Treas. Dec. 708."

Plaintiff's claim is untenable. First of all, the cited case has no application herein. The question presented therein was whether certain glass cylinders, used in connection with a metal laboratory machine in research work for testing dyes on leather, were properly classifiable as chemical articles, as assessed, or as manufactures of glass, as claimed. The court held that even though the glass cylinders may be a part of a laboratory machine, their use in chemical operations made them properly dutiable as chemical articles. There is nothing in the cited case to influence our disposition of the present case.

That the Tariff Act of 1922 (paragraph 1453) and the Tariff Act of 1913 (paragraph 380), as well as the Tariff Act of 1930 (paragraph 1551, as originally enacted), embodied provisions for photographic cameras and parts thereof, supplies no reason to hold that paragraph 1551, as amended, *supra*, includes *parts* of photographic cameras. In clear and unambiguous language, the modification of paragraph 1551 by T. D. 52739, supplemented by T. D. 52820, is limited to certain photographic cameras. If the trade agreement negotiators intended to include parts of such cameras within that modification of the paragraph, they would have said so as they did in a subsequent modification to paragraph 1551, by T. D. 53832, which reduced the rate of duty on "Motion-picture cameras and parts thereof."

Substantially the same issue, as that now before us, was presented in *Alfred Dunhill of London, Inc.* v. *United States*, 15 Cust. Ct. 285, Abstract 50549. In that case, the merchandise consisted of parts for cigar and cigarette lighters, which had been assessed at 65 per centum ad valorem under paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by the French Trade Agreement (T. D. 48316). Plaintiff claimed that duty should have been assessed at only 55 per centum ad valorem under the same paragraph, as modified by a subsequent trade agreement with the United Kingdom (T. D. 49753), even though the latter modification did not contain a provision for parts of cigar and cigarette lighters. The court overruled plaintiff's claim and, in doing so, cited the well-established statutory rule of construction that "In the absence of a specific provision therefor, parts of an article will not be included within an *eo nomine* designation of the article itself (*Murphy & Co.* v. *United States*, 13 Ct. Cust. Appls. 256, T. D. 41201)."

The same principle has application in this case. Accordingly, we hold the parts of photographic cameras in question, as hereinabove identified, to be dutiable, as such, at the rate of 20 per centum ad valorem under paragraph 1551 of the Tariff Act of 1930, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.