(C.D. 3017)

W. J. BYRNES
SILVERCRAFT HOLLYWOOD, LTD.} *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 25, 1967)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiffs.

*Carl Eardley*, Acting Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The court has before it for determination the proper classification of certain plastic coated rattancore handbags which were classified by the collector of customs in Los Angeles as manufactures of filaments, fibers, yarns, or threads of rayon or other synthetic textile under the provisions of paragraph 1312, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108. Duty was, accordingly, assessed at the rate of 25 cents per pound and 30 per centum ad valorem.

It is the position of plaintiffs that said merchandise is properly subject to classification under the provisions of paragraph 409, Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, as an article partly manufactured of rattan and, as such, dutiable at the rate of 25 per centum ad valorem.

The pertinent portions of the statutes involved herein provide as follows:

Paragraph 1312, Tariff Act of 1930, as modified by T.D. 54108:

Manufactures of filaments, fibers, yarns, or threads, of rayon or other synthetic textile, and textile products made of bands or strips (not exceeding 1 inch in width)

of rayon or other synthetic textile, all the foregoing, wholly or in chief value of rayon or other synthetic textile, not specially provided for (except gill nets or netting) _____ 25¢ per lb. and 30% ad val.

Paragraph 409, as modified by T.D. 53865 and T.D. 53877:

All articles not specially provided for, wholly or partly manufactured of rattan, bamboo, osier or willow (except tennis-racket frames valued at $1.75 or more each):
    *        *        *        *        *        *        *
    Other_____ 25% ad val.

The record herein consists solely of a stipulation of fact entered into by and between counsel for the respective parties and provides as follows:

The merchandise the subject of this protest consists of a handbag manufactured of plastic-coated rattan-core strips or bands, not over one-inch wide, in chief value of plastic, with metal handles.

It is apparent, as plaintiff urges, and as defendant in its brief concedes that classification under the provisions for manufactures of filaments, fibers, threads, or yarns of rayon or other synthetic textile is erroneous. Therefore, no presumption of correctness attaches to the classification by the collector. The importer herein must, however, establish the correct classification in order to prevail.

Plaintiffs, therefore, contend that said bags, which are in chief value of plastic but are in fact plastic coated rattancore fall within the purview of paragraph 409, *supra*. If this were a case of first impression, said merchandise would appear to logically fall within said paragraph 409, *supra*. However, by virtue of the principles enunciated in *Steinhardt & Bro. et al.* v. *United States*, 9 Ct. Cust. Appls. 62, T.D. 37940; *Calif-Asia Co., Ltd.* v. *United States*, 39 CCPA 133, C.A.D. 475; *International Expediters, Inc.* v. *United States*, 35 Cust. Ct. 222, Abstract 59235, it is apparent that rattancore is not considered, for tariff purposes, to be rattan but is in fact considered to be wood.

In *Calif-Asia* case, *supra*, certain furniture was classified as wholly or in chief value of rattan and claimed to be wholly or in chief value of wood. The record therein established that "cane" is the "skin" or "peel" of the rattan vine, and the merchandise involved therein was made in chief value of cane. The court, in reversing and remanding the case, was of the opinion that the merchandise involved therein fell within the purview of paragraph 412, Tariff Act of 1930, as being in chief value of wood.

Following the principles enunciated in the *Calif-Asia* case, *supra*, and the *Steinhardt* case, *supra*, was the case of *International Expediters, supra*. The court therein held merchandise in chief value of

rattancore to be excluded from the provisions for rattan in paragraph 409, Tariff Act of 1930, and held them to be manufactures of wood.

Accordingly, classification of rattancore articles may not be made under the provisions of paragraph 409, *supra*, as contended by plaintiff. Following the reasoning in the above cases, it would logically appear that said handbags would find classification under the provisions of paragraph 412, Tariff Act of 1930, as modified. It is, however, to be noted that classification thereunder requires said article to be wholly or in chief value of wood, and the record herein establishes the involved handbags to be composed in chief value of plastic. In addition thereto, no claim by plaintiffs is made nor is said merchandise contended to be dutiable thereunder. In any event, classification of the imported merchandise under paragraph 412 would be improper.

In view of the foregoing, it is unnecessary for us at this time to consider defendant's alternative contention that said merchandise should properly have been classified under that portion of paragraph 1312, *supra*, which provides for "textile products made of bands or strips (not exceeding 1 inch in width) * * *."

Since plaintiff has failed to establish a *prima facie* case, we are compelled to overrule the protest without affirming the classification of the collector.

Judgment will be entered accordingly.